UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND OLIVER,

    Plaintiff,

v.

Case No. 09-11040
Hon. Lawrence P. Zatkoff

NATIONAL LIFE INSURANCE CO.,

    Defendant.
                                 /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 7, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to dismiss [dkt 17]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion is GRANTED.

**II. BACKGROUND**

Plaintiff is a majority owner and former president of Bristol Steel ("Bristol"), located in Burton, Michigan. In 1988, Plaintiff entered into a disability-insurance policy with Defendant. The policy application indicates that Bristol was to pay 100% of the premiums and that all notices were to be sent to Bristol. According to Plaintiff, the policy premiums were to be automatically deducted from Bristol's business account, and Plaintiff would reimburse the company for those sums. This

arrangement was designed to ensure that the premiums were always paid in full and so that a payment was not inadvertently missed.

On February 5, 2004, Plaintiff was involved in an automobile accident that caused him injuries such that he could no longer perform his duties at Bristol. As a result, Plaintiff sought benefits pursuant to his policy with Defendant. Defendant allegedly made some initial payments but has now refused to continue disbursing benefits. In response, Plaintiff filed the current lawsuit demanding damages for breach of contract and intentional infliction of emotional distress. Defendant timely removed the case from the Genesee County Circuit Court to this Court based on diversity jurisdiction. *See* 28 U.S.C. § 1332.

On January 13, 2010, the Court determined that Plaintiff's state-law claims were not preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. Following that opinion and order, Plaintiff filed his second amended complaint [dkt 16] ("the complaint"). Defendant has now moved for partial dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that

the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'").

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

### A. Count II—Intentional Infliction of Emotional Distress

Defendant first seeks to dismiss Count II of the complaint, arguing that Michigan contract law does not allow for recovery based on emotional damages.

In his response brief, under the "Questions Presented" heading, Plaintiff states "Plaintiff agreed to dismiss his emotional damage claim but not the factual allegation as to said count?" Plaintiff does not otherwise reference his claim for emotional damages in his response brief.

The Court construes the above statement as a representation that Plaintiff concurs in Defendant's motion as to Count II of the complaint, and that count will accordingly be dismissed.

### B. Count IV—Fraud[1]

Defendant contends that Plaintiff cannot sustain a tort claim of fraud based upon the same

---

[1]The complaint labels this count as "Count IV," despite the fact that it immediately follows Count II.

3

allegations regarding a breach of contract. Defendant cites case law requiring the breach of a duty distinct from the contract in order to sustain a tort claim.

Plaintiff avers that his fraud claim is distinct from his breach-of-contract claim, and he suggests that it arose before the contract was breached. Plaintiff charges Defendant with running a fraudulent insurance scheme, whereby Defendant issued insurance contracts that it never intended to honor. Therefore, Plaintiff avers, the fraud claim arose at the time the contract was entered into, while the breach-of-contract claim did not come to fruition until Plaintiff's claim for benefits under the policy was denied.

Under Michigan law, the following elements are necessary to support a claim of fraud:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Alternative Aviation Servs., Inc. v. Meggitt (UK) Ltd.*, 207 Fed. Appx. 506, 514 (6th Cir. 2006) (quoting *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976)). "If even one of these elements is absent, the plaintiff will not prevail on a fraud claim." *Id*.

In addition, the Federal Rules of Civil Procedure demand that fraud be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff "at a 'minimum to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993).

Plaintiff's fraud charge alleges only that Defendant has a history of wrongfully denying benefits claims, and that it never intended to honor the contract with Plaintiff. Plaintiff suggests that

4

this practice is fraudulent such that exemplary damages are warranted under Michigan law.

The Court finds that Count IV fails to allege with particularity the circumstances of the fraud. Plaintiff does not identify the speaker, the time or place, or the actual statements made. The remaining allegations constitute little more than a formulaic recitation of the elements of fraud, and such allegations fail to satisfy Rule 9(b)'s heightened pleading standard. Count IV should be dismissed for violating Rule 9(b).

Moreover, even if Plaintiff had sufficiently pleaded his fraud claim, it would otherwise fail to state a claim, and it would be subject to dismissal pursuant to Rule 12(b)(6). "A plaintiff cannot maintain an action in tort for nonperformance of a contract. There must be a separate and distinct duty imposed by law." *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 401 (2006). An action for fraud may lie concurrently with a breach of an insurance contract, but only if the claim is "based on actions falling outside the policy of insurance." *Hearn v. Rickenbacker*, 428 Mich. 32, 39 (1987); *see also Buntea v. State Farm Mut. Auto Ins. Co.*, 467 F. Supp. 2d 740, 745 (E.D. Mich. 2006) (allowing a fraud claim where "[t]he MCPA claim alleges that Defendant misrepresented facts, communicated improperly, and failed to explain benefits, amongst other things").

In *New Start, Inc. v. Bristol West Insurance Co.*, No. 274085, 2007 WL 1207099, at *2 (Mich. Ct. App. Apr. 24, 2007), although the court noted that "an action for fraud can be based on an unfilled promise to perform in the future if the promise was made with a present undisclosed intent not to perform," it held that "the mere fact that defendant ultimately failed to pay the expenses does not support an inference that it deliberately misrepresented its intent."

Plaintiff provides nothing other than his conclusory allegations regarding Defendant's intent,

5

which do not raise his fraud claim to the "plausible" level.[2] *See Twombly*, 555 U.S. at 557. Furthermore, Plaintiff's alleged fraud "relates to the subject matter between [himself] and defendant. The claim is thus solely one for breach of contract, and thus cannot constitute actionable fraud." *Leininger v. Reliastar Life Ins. Co.*, No. 2:06-cv-12249, 2007 WL 2875283, at *19 (E.D. Mich. Sept. 28, 2007).

Additionally, Plaintiff's complaint indicates that Defendant initially provided benefits and subsequently terminated the benefits. *See* Pl.'s Compl. at ¶12. Such an allegation flies directly in the face of Plaintiff's claim that Defendant did not intend at the outset to honor the contract.

Likewise, Plaintiff cannot seek exemplary damages because "exemplary damages are not recoverable for breach of a commercial contract 'absent proof of tortious conduct existing independent of the breach.'" *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 601–02 (1995) (quoting *Kewin v. Mass. Mut. Life Ins. Co.*, 409 Mich. 401, 420–21 (1980)). Plaintiff has not alleged tortious conduct independent of the breach, outside of his insufficient fraud claim.

---

[2]Plaintiff has attached several news articles involving Defendant. However, the articles were not referenced in or attached to the pleadings and therefore are not appropriately considered when deciding a motion to dismiss.

# V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss [dkt 17] is GRANTED, and Counts II and IV are dismissed with prejudice.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: September 7, 2010

## CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 7, 2010.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290